**UNITED STATES of America,**
**Appellee,**

v.

**Robert NOCERINO, Appellant.**

**No. 557, Docket 72-2328.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1973.

Decided Feb. 21, 1973.

Certiorari Denied June 11, 1973.
See 93 S.Ct. 2785.

Caren S. Brutten, The Legal Aid Society, New York City (Robert Kasanof,

The Legal Aid Society, New York City, of counsel), for appellant.

George G. Bashian, Jr., Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Robert A. Morse, U. S. Atty., E. D. N. Y., and L. Kevin Sheridan, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for appellee.

Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court, Eastern District of New York, convicting the appellant, Nocerino, of possession of various stimulant and depressant drugs without a prescription (21 U.S.C. § 331 (q)(3)(B), as amended (Supp. IV 1968) (repealed 1970)) and with intent to sell (21 U.S.C. § 331(q)(3)(A), as amended (Supp. IV 1968) (repealed 1970)). The judgment of conviction was rendered on September 6, 1972 after a trial before Hon. John F. Dooling, Jr., District Judge, and a jury. Appellant was sentenced to a term of four years for possession with intent to sell and given a concurrent one year sentence for possession without a prescription. There is no issue on this appeal with respect to Nocerino's conviction of possession without a prescription. The sole question is whether the evidence produced at trial was sufficient for the jury to find beyond a reasonable doubt that the appellant intended to sell the 17,000 capsules of barbiturates and amphetamines which were in his possession. We find that there was and accordingly affirm.

The issue is indeed narrow, because although Section 331(q)(3)(A) makes punishable the "possession for sale, delivery, or other disposal to another," Nocerino was only charged with possession for "sale," an oversight which resulted in this appeal. Appellant urges that cases such as United States v. Ortiz, 445 F.2d 1100 (10th Cir.), cert. denied, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971), and United States v. Cerrito, 413 F.2d 1270 (7th Cir. 1969), cert. denied, 396 U.S. 1004, 90 S.Ct. 554, 24 L.Ed.2d 495 (1970), which involve affirmances of convictions based on the possession of large quantities of drugs, are not in point here because the indictments in those cases were in the disjunctive, charging possession for sale, delivery or other disposal. While this is true and while no case has been found involving the precise point before us, we believe that Judge Dooling properly denied defendant's motion for a judgment of acquittal and that there was sufficient evidence for reasonable men to be convinced beyond reasonable doubt that the appellant possessed the drugs here for the purpose of sale. United States v. Taylor, 464 F.2d 240 (2d Cir. 1972).

The jury was meticulously charged that Nocerino had to intend to sell them personally. There was no claim then or now that the jury which made this determination was confused or misled by the failure of the indictment to embrace the statutory language of some other disposal not involving a consideration. The facts adduced before the jury indicated that Melvin Birch, a registered pharmacist and a co-defendant below, had been receiving large quantities of depressants and stimulants at his pharmacy. An investigation of his records disclosed an extreme shortage in the majority of the drugs audited. This fact prompted the surveillance of his home. On the evening of January 28, 1971, agents observed Birch carrying a 16″ x 18″ x 14″ package out of the store to his car which he drove home. At 6:00 P.M. on January 29, 1971, agents saw a yellow Corvette drive up to Birch's home and pull into his driveway. A package transfer took place and when the Corvette was intercepted, the driver Nocerino was found to have a cardboard box containing seventeen plastic bottles of 17,000 amphetamines and barbiturates. A jury in the Eastern District of New York is normally not unsophisticated. It would have been unreasonable for them to have found that Nocerino intended to consume all of these pills himself or distribute them as gifts to friends. These were not bonbons but drugs, acquired not in

the pharmacy but in the pharmacist's garage.

In view of the vast amount of drugs here involved [1] and the recognition that their sale is enormously profitable, it is reasonable in our view to conclude beyond a reasonable doubt that the person apprehended with them in his possession under the circumstances outlined, intended to sell them himself. While it is possible that he was a messenger or courier, the jury was told specifically that this was not sufficient. As we have recently held "[w]e in no way subscribe to the doctrine that 'where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt'. . . ." United States v. Taylor, 464 F.2d 240, 244 (2d Cir. 1972).

Affirmed.

---

1. See also United States v. Knight, 395 F.2d 971, 975 (2d Cir. 1968), cert. denied, 395 U.S. 930, 89 S.Ct. 1776, 23 L.Ed.2d 249 (1969) discussing the rebuttable statutory presumption of intent to sell or distribute arising from the transportation of a quantity of obscene matter (18 U.S.C. § 1465 (1970)).